RICHARD MARMARO (Bar No. 091387)
richard.marmaro@skadden.com
ERIC S. WAXMAN (Bar No. 106649)
eric.waxman@skadden.com
DOUGLAS A. SMITH (Bar No. 290598)
douglas.smith@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Fax: (213) 687-5600

Attorneys for Defendant James V. Mazzo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES V. MAZZO, DOUGLAS V. DECINCES, DAVID L. PARKER, AND F. SCOTT JACKSON,<br><br>        Defendants. | CASE NO. 8:12-cr-00269(B)-AG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON** *UNITED STATES V. NEWMAN*<br><br>Hon. Andrew J. Guilford<br><br>Date:        January 12, 2015<br>Time:       2 p.m.<br>Courtroom: 10D<br><br>Trial Date:  February 3, 2015 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................ii

1. Introduction..................................................................................................................1

2. In Light of *United States v. Newman*, the Government Has Failed to Allege that Mr. Mazzo Committed Insider Trading, In Violation of Any Statute...........................4

3. In Light of *United States v. Newman*, the Alleged Sub-Tippees -- Mr. Parker and Mr. Jackson -- Must Be Dismissed From the Case As Well ..................................9

4. Conclusion ................................................................................................................10

i

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*, No. 8:12-CR-00269(B)-AG

# TABLE OF AUTHORITIES

**Cases**

Blue Chip Stamps v. Manor Drug Stores,
  421 U.S. 723 (1975) ............................................................................................. 1

Connecticut National Bank v. Fluor Corp.,
808 F.2d 957 (2d Cir. 1987) .................................................................................. 4

Dirks v. SEC,
  463 U.S. 646 (1983) ................................................................................... 1, 3, 4, 8

Duncan v. Stuetzle,
  76 F.3d 1480 (9th Cir. 1996) ................................................................................. 7

Ernst & Ernst v. Hochfelder,
  425 U.S. 185 ((1976) ...................................................................................... 3, 6, 8

Neubronner v. Milken,
  6 F.3d 666 (9th Cir. 1993) ..................................................................................... 2

SEC v. Ballesteros Franco,
253 F. Supp. 2d 720 (S.D.N.Y. 2003) ................................................................... 4

SEC v. Kasser,
548 F.2d 109 (3d Cir. 1977) .................................................................................. 1

SEC v. Obus,
  693 F.3d 276 (2d Cir. 2012) ............................................................................. 8, 10

SEC v. Wolfson,
  No. 2:03CV914 DAK,
  2003 WL 23356418 (D. Utah 2003) ..................................................................... 1

United States v. Brown,
  925 F.2d 1301 (10th Cir. 1991) ............................................................................. 8

United States v. Jiau,
  734 F.3d 147 (2d Cir. 2013) .................................................................................. 1

United States v. Newman,
  Nos. 13-1837-cr, 13-1917-cr,
  2014 WL 6911278 (2d Cir. Dec. 10, 2014) ................................................... *passim*

United States v. Risk,
  843 F.2d 1059 (7th Cir. 1988) ........................................................................... 5, 9

United States v. Rubin,
  79 F.3d 109 (9th Cir. 1996) ................................................................................... 1

ii

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*, No. 8:12-CR-00269(B)-AG

**Statutes**

18 U.S.C. § 1348 ............................................................................................... 7, 8, 9

18 U.S.C. § 1348(1)-(2) ............................................................................................ 6

18 U.S.C. § 1348(a) .................................................................................................. 7

**Rules**

Federal Rule of Criminal Procedure 12(b) ............................................................... 8

## 1. Introduction

Stripped to its essentials, the theory of the Second Superseding Indictment ("SSI") is that, because of their personal friendship, Mr. James Mazzo provided material, non-public information to Mr. Doug DeCinces about the potential acquisition of Advanced Medical Optics ("AMO") by Abbott Laboratories ("Abbott"). The Second Circuit, however, has now unequivocally held that mere friendship, without a tangible quid pro quo-like benefit to the alleged tipper, is insufficient to establish an essential element -- breach of fiduciary duty -- in an insider trading prosecution. United States v. Newman, Nos. 13-1837-cr, 13-1917-cr, 2014 WL 6911278, at *8-13 (2d Cir. Dec. 10, 2014). Newman makes clear that:

- **Insider trading requires proof of a personal benefit such that the tipper "'is in effect selling the information'";[1] and**
- **The personal benefit <u>must</u> constitute something more substantial than the "ephemeral benefit of the 'value [of] friendship'" and instead constitutes an exchange "that is objective, consequential and represents at least a potential gain of a pecuniary or similarly valuable nature."[2]**

As a federal circuit court decision, Newman is persuasive authority for this Court.[3] In the context of this case, Newman should be viewed as particularly persuasive because the Second Circuit is well recognized as having great expertise in securities fraud cases, including insider trading.[4] Here, the SSI offers nothing more than allegations of mere

---

[1] Newman, 2014 WL 6911278, at *8 (quoting Dirks v. United States, 463 U.S. 646, 664 (1983)).

[2] Id. at *10 (quoting United States v. Jiau, 734 F.3d 147, 153 (2d Cir. 2013)).

[3] See, e.g., United States v. Rubin, 79 F.3d 109, 112 (9th Cir. 1996) ("This Circuit has not spoken to this issue, but we find the reasoning of our sister circuits to be persuasive.").

[4] Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 762 (1975) (Blackmun, dissenting) (stating that the Second Circuit is the "Mother Court" in the area of securities law); SEC v. Wolfson, No. 2:03CV914 DAK, 2003 WL 23356418, at *16 n.9 (D. Utah 2003) ("The court recognizes that the Second Circuit has special expertise in matters pertaining to securities and that it has been referred to as "the Mother Court" in area of securities law."); SEC v. Kasser, 548 F.2d 109, 115 (3d Cir. 1977) (stating that the Second Circuit is "a court with especial expertise in matters pertaining to securities"); see

*(cont'd)*

1

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*, No. 8:12-CR-00269(B)-AG

friendship and does not articulate any legally cognizable personal benefit that rises to the level of "selling the information" to Mr. DeCinces or anyone else, as required by <u>Newman</u>.  Thus, in light of <u>Newman</u>, the Court should dismiss the SSI as to <u>all</u> defendants.

<u>Newman</u> is fatal to the government's claim of insider trading for several reasons.  First, <u>Newman</u> confirms long-standing law as declared by the United States Supreme Court that merely trading on material, non-public information is not a crime.[5]  <u>Newman</u>, 2014 WL 6911278, at *7 ("[T]he Supreme Court affirmatively established that insider trading liability is based on breaches of fiduciary duty, not on information asymmetries.").  Second, where, as here, the tipper is not alleged to have traded, to establish a breach of fiduciary duty, it is <u>not</u> enough to merely allege that a corporate insider disclosed material non-public information to a person who then traded on the information.  <u>Id.</u> at *6 ("For purposes of insider trading liability, **the insider's disclosure of confidential information, standing, alone is not a breach."** (emphasis added)).  Instead, the Supreme Court's decision in "*Dirks* clearly defines a breach of fiduciary duty as a breach of the duty of confidentiality **in exchange for a personal benefit.**" <u>Id.</u> at *8 (emphasis added).

<u>Newman</u> also makes clear that mere friendship is insufficient to establish the level of personal gain needed to support an indictment for insider trading.  Rather, "a breach of the duty of confidentiality is **not fraudulent** unless the tipper acts for personal benefit, that is to say, there is no breach unless the tipper "'**is in effect selling the information** to its recipient for cash, reciprocal information, or other things of value for himself.'"  <u>Id.</u> at *8 (quoting <u>Dirks</u>, 463 U.S. at 664) (emphasis added).  The SSI lacks any allegation that meets this standard.

_____
(cont'd from previous page)
also <u>Neubronner v. Milken</u>, 6 F.3d 666, 670 (9th Cir. 1993) (adopting in a Rule 10b-5 insider trading case the Second Circuit's approach).

[5] Nothing herein should suggest that Mr. DeCinces, Mr. Parker, or Mr. Jackson traded on material, non-public information.  All defendants have denied the allegations in the SSI.

Thus, like a white-hot spotlight, Newman illuminates the flaws that have infected the government's insider trading theory from inception and could explain why the government (without new evidence) waited until time had expired to indict Mr. Mazzo in a case that had been pending nearly two years.[6] In fact, despite nearly six years of investigation and a massive amount of discovery obtained from the SEC's still-pending parallel civil insider trading case against Mr. Mazzo, the government has no purported explanation, let alone evidence, as to why Mr. Mazzo would put his career (and a sterling reputation for integrity and ethics built up over 30 years in Orange County), his family, and even his personal freedom at risk to tip a single friend for no personal gain. This hole in the government's case is gaping because the government must demonstrate that Mr. Mazzo acted with scienter.[7] The government cannot fill this gap here because after Newman it is "impermissible" to infer criminal activity solely from evidence of friendship. See id. at *10 ("To the extent . . . that a personal benefit may be inferred from

---

[6] Mr. Mazzo's indictment in this long-standing case came only after counsel for Mr. Mazzo stated in a public filing in the related SEC litigation that Mr. Mazzo would likely testify at trial without invoking his constitutional right against self-incrimination. (See, cf. James V. Mazzo's Motion for a Status Conference Regarding Issues of Fifth Amendment Assertion and Discovery Cut-Off, SEC v. Mazzo, No. SACV 12-1327 DOC (ANx) (C.D. Cal.) ¶ 5 [ECF No. 100-1] (dated **August 27, 2014**, and stating that if called by either the defense or the prosecution in this case that Mr. Mazzo "presently intend[ed] to testify at th[e] trial without invoking his constitutional right" against self-incrimination), with Second Superseding Indictment, United States v. Mazzo, No 8:12-cr-00269 [ECF No. 132] (dated **Sept. 24, 2014**).

The government's belated decision to indict Mr. Mazzo is highly suspicious, particularly given that the government presented no new evidence to support the indictment of Mr. Mazzo. Given years of investigation and the discovery the government has obtained through the SEC's case against Mr. Mazzo, the government knew about the facts alleged in the SSI well before returning even the First Superseding Indictment on July 30, 2014. (Compare Declaration of Kenneth B. Julian Exs. E-F (September 17 and 24, 2014, proceedings before the Grand Jury) [ECF No. 191], with SEC. v. Mazzo, SACV No. 12-1327 (C.D. Cal.) [ECF Nos. 105-38 (response to document requests served on January 11, 2013); 105-36 (response to RFAs served on March 25, 2014), 105-41 (March 18, 2014, SEC deposition notice)].

[7] Newman, 2014 WL 6911278, at *5 ("Liability for securities fraud also requires proof that the defendant acted with scienter, which is defined as a 'mental state embracing intent to deceive, manipulate or defraud.'" (quoting Ernst & Ernst v. Hochfolder, 425 U.S. 105, 193 n.12 (1996))).

3
MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*
No. 8:12-CR-00269(B)-AG

a personal relationship between the tipper and tippee . . . we hold that *such an inference is impermissible* in the absence of [more]." (emphasis added)).

While the government may try to distinguish Newman on the basis that it did not involve a Rule 14e-3 claim (insider trading relating to tender offers), that distinction cannot save the government's case against Mr. Mazzo. Just as it must with respect to a claim under Rule 10b-5, the government must allege that Mr. Mazzo acted with scienter or willfulness to obtain a conviction under Rule 14e-3. See 18 U.S.C. § 78ff(a); Connecticut Nat'l Bank v. Fluor Corp., 808 F.2d 957, 961 (2d Cir. 1987) ("To prevail under § 14(e) . . . a plaintiff must plead and prove 'an intent to defraud'. . . ."); S.E.C. v. Ballesteros Franco, 253 F. Supp. 2d 720, 728 n.2 (S.D.N.Y. 2003) ("For liability to be imposed under § 14(e) and Rule 14e-3, the [Second Circuit] has also found that scienter is a necessary element."). Here, the only allegations of scienter in the indictment is the friendship between Mr. Mazzo and Mr. DeCinces. Since mere friendship is no longer sufficient to allege insider trading under Newman, it cannot suffice to allege scienter here, whether under Rule 14e-3 or any other form of insider trading. Consequently, this Court should dismiss the indictment in its entirety.

**2. In Light of United States v. Newman, the Government Has Failed to Allege that Mr. Mazzo Committed Insider Trading, In Violation of Any Statute**

To establish that a corporate insider, such as Mr. Mazzo, engaged in insider trading in violation of Rule 10b-5, the corporate insider must have breached a fiduciary duty in providing the purported inside information to the alleged tippee. Newman, 2014 WL 6911278, at *6. However, for "purposes of insider trading liability, **the insider's disclosure of confidential information standing alone is not a breach.**"[8] Id. (emphasis added.) Indeed, the corporate insider does not breach that duty "unless he receives a

---

[8] Nothing in this discussion should be read to suggest that Mr. Mazzo concedes providing confidential information to Mr. DeCinces or to anyone else for that matter. Mr. Mazzo has pleaded "not guilty" and denies the allegations in the SSI.

4

personal benefit in exchange for the disclosure." Id.

In Newman, the Second Circuit rejected the government's argument that the mere fact that the alleged tipper and tippee were "family friends" was sufficient to prove beyond a reasonable doubt that the tipper provided the alleged inside information in exchange for a "personal benefit." Id. at *10-11. The Second Circuit stated that although the standard for establishing a "personal benefit" is permissive, it does not

> suggest that the Government may prove the receipt of a personal benefit by the mere fact of a friendship, particularly of a casual or social nature. If that were true, and the Government was allowed to meet its burden by proving that two individuals were alumni of the same school or attended the same church, the personal benefit requirement would be a nullity.

Id. at 10.

Rather, the Second Circuit held that something in addition to mere friendship evidence is required to sufficiently allege criminal activity. Specifically, the court stated that the "personal benefit" element could not be inferred from mere evidence of a "personal relationship" between the tipper and tippee.

> To the extent . . . that a personal benefit may be inferred from a personal relationship between the tipper and tippee . . . we hold that *such an inference is impermissible* in the absence of proof of a meaningfully close personal relationship that **generates an exchange that is objective, consequential, and represents at least a potential gain of a pecuniary or similarly valuable nature**. . . . [T]his requires evidence of "a relationship between the insider and the recipient that suggests a quid pro quo from the latter, or an intention to benefit the [latter]."

Id. (emphasis added) (internal citations omitted).

Newman thus stands for the proposition that when proving the "benefit" element of insider trading, in violation of Rule 10b-5, the government needs to allege more than merely "guilt by association." See id. Rather, the government must allege something akin to a quid pro quo, something that is "**objective, consequential, and represents at least a potential gain of a pecuniary or similarly valuable nature**." Id. If it does not, the government's case merely rests on "impermissible" inferences of criminal activity and therefore has failed to allege a crime. See United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988) ("The district court found no violation and correctly dismissed the

5

indictment, not because the government could not prove its case, but *because there was no case to prove.*" (emphasis added)).

In its indictment, the government alleges that Mr. Mazzo engaged in insider trading in violation of Rule 10b-5(a)-(c), Rule 14e-3(a), and 18 U.S.C. § 1348(1)-(2), by providing inside information to his friend Mr. DeCinces.  (SSI ¶¶ 7-27, 48-50.)  To prove Mr. Mazzo violated Rule 10b-5(a)-(c) and § 1348(1)-(2), the government, as in Newman, must prove beyond a reasonable doubt that he provided that information to Mr. DeCinces in exchange for a "personal benefit."  Newman, 2014 WL 6911278, at *8.  And to prove each of the alleged crimes in the indictment, the government must prove **beyond a reasonable doubt** that Mr. Mazzo acted with scienter when purportedly providing the alleged inside information to Mr. DeCinces.  Id. at *5 ("Liability for securities fraud also requires proof that the defendant acted with scienter, which is defined as a mental state embracing intent to deceive, manipulate or defraud" (citing Hochfelder, 425 U.S. at 193 n.12)).

Here, however, the government has not alleged any facts that could support the inference that these key elements are met.  To establish that Mr. Mazzo received a "personal benefit" from Mr. DeCinces in exchange for purportedly providing him alleged inside information, the government simply alleges:

> Defendant DOUGLAS V. DECINCES ("DECINCES") was a close personal friend of defendant MAZZO.  In particular, defendant DECINCES and defendant MAZZO were neighbors, were members of the same golf club, and vacationed together.  In addition, defendant MAZZO arranged for EYE[9] to co-sponsor an annual charity golf tournament with defendant DECINCES, had defendant DECINCES help him purchase a home, invested in a business operated by defendant DECINCES' son, and retained defendant DECINCES' daughter to provide decorating services.

(SSI ¶ 7.)[10]

---

[9] EYE is the stock trading symbol for AMO.

[10] Consistent with the SSI, the only "evidence" of "personal benefit" the government presented to the grand jury was mere allegations of friendship.  (See Declaration of Douglas A. Smith ¶ 1 (Dec. 19, 2014).)

6

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*
No. 8:12-CR-00269(B)-AG

As an initial matter, the foregoing allegations in the SSI relating to the personal relationship between Mr. Mazzo and Mr. DeCinces solely involve activities that friends commonly undertake. The allegations simply do not suffice under Newman because there is no quid pro quo alleged. Such ordinary activities of friendship as alleged in the SSI cannot possibly satisfy Newman's express concern about rendering a "nullity" the requirement that the alleged tipper received a personal benefit in exchange for providing material, non-public information. See Newman, 2014 WL 6911278, at *10. In addition, all the government's allegations, except for the one regarding the home purchase are allegations of benefits **flowing in the wrong direction**, that is, benefits from Mr. Mazzo to Mr. DeCinces. And, as to the allegation that Mr. DeCinces helped Mr. Mazzo purchase a home, that allegation does not meet the Newman standard that the government must allege more than a mere personal friendship. For example, there is no allegation that Mr. DeCinces helped fund the purchase of the Mazzo's home or that the Mazzo's paid less than they otherwise would have paid without Mr. DeCinces' "help." The government's vague "help" allegation simply does not approach allegations of a "quid pro quo," something "that could yield future pecuniary gain," as is essential under Newman. See Newman, 2014 WL 6911278, at *10. Consequently, the Court should dismiss the Rule 10b-5 and Section 1348 charges against Mr. Mazzo and the other defendants.[11]

Newman is also dispositive of whether the government has sufficiently alleged scienter. Regardless of whether the government charges insider trading under Rule 10b-5 (the general insider trading statute), Rule 14e-3 (insider trading in regard to tender offers),

---

[11] Given the facts of this case, the Rule 10b-5(a) and 18 U.S.C. § 1348(1) charges are one and the same. This follows from the nearly identical language of those provisions, both of which prohibit a "scheme to defraud." Because courts should interpret similar statutory language consistently, the elements of insider trading under Rule 10b-5(a) are essentially the same as the elements of insider trading under Section 1348(1). See generally Duncan v. Stuetzle, 76 F.3d 1480, 1485-86 (9th Cir. 1996) (stating that "linguistic consistency demands interpreting identical language in different statutes similarly"). For this Court to conclude otherwise would require it to overrule years of Supreme Court and other precedent that has defined insider trading by interpreting Rule 10b-5's "scheme to defraud" language.

7

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*
No. 8:12-CR-00269(B)-AG

or 18 U.S.C. § 1348 (an insider trading scheme), the government must allege "**a deliberate tip" that evidences a "mental state embracing intent to deceive, manipulate or defraud.**" SEC v. Obus, 693 F.3d 276, 286 (2d Cir. 2012); Ernst & Ernst v. Hochfolder, 425 U.S. at 193 n.12 (1996). The chief and strongest way to prove that is through allegations that the tipper received a "personal benefit":

> As the Supreme Court and commentators have recognized, the first and second aspects of scienter — a deliberate tip with knowledge that the information is material and non-public — can often be deduced from the same facts that establish the tipper acted for personal benefit. *See Dirks*, 463 U.S. at 663-64, 103 S. Ct. 3255 (holding that the inquiry into the tipper's scienter "requires courts to focus on objective criteria, *i.e.*, whether the insider receives a direct or indirect personal benefit from the disclosure"); Donald C. Langevoort, Insider Trading: Regulation, Enforcement, and Prevention § 4.04[1] (1992 ed.) ("**The requirement that the tipper act with scienter . . . is effectively subsumed in proof that the insider's motive was personal benefit.**"). The inference of scienter is strong because the tipper could not reasonably expect to benefit unless he deliberately tipped material non-public information that the tippee could use to an advantage in trading.

Obus, 693 F.3d at 286-87 (emphasis added).

Here, the SSI relies *solely* on the purported "personal benefit" Mr. Mazzo received to establish his scienter (i.e., criminal state of mind). (See SSI ¶¶ 1-27, 48-50.) But as shown above, the government's "personal benefit" allegations fail to meet the Newman standard. Accordingly, the government has failed to allege adequately scienter as to any of the alleged charges, and therefore this Court must dismiss all of the charges against Mr. Mazzo.[12]

---

[12] Furthermore, the government will not be able to prove its case against Mr. Mazzo beyond a reasonable doubt. Indeed, the government only has "thin" circumstantial evidence based largely on a purported "pattern" of phone calls, meetings, and stock trades to establish that Mr. Mazzo passed material, non-public information to Mr. DeCinces. At best, these facts are equally consistent with innocence as with guilt, and therefore this case should never be submitted to a jury. See Newman, 2014 WL 6911278, at *9 ("[I]f the evidence 'is nonexistent or so meager,' such that it 'gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.'" (citation and quotations omitted) (emphasis added)).

Mr. Mazzo is ready to address this issue in a pre-trial motion to dismiss based on the sufficiency of the evidence under Federal Rule of Criminal Procedure 12(b). See, e.g., United States v. Brown, 925 F.2d 1301, 1304 (10th Cir. 1991) (stating that in appropriate circumstances, "it is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to

*(cont'd)*

8

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*
No. 8:12-CR-00269(B)-AG

**3.    In Light of <u>United States v. Newman</u>, the Alleged Sub-Tippees -- Mr. Parker and Mr. Jackson -- Must Be Dismissed From the Case As Well**

In <u>Newman</u>, the Second Circuit held that a sub-tippee cannot be held liable for insider trading unless he *knows* that the corporate insider breached a fiduciary duty by receiving a "personal benefit" for providing the inside information. <u>See</u> <u>Newman</u>, 2014 WL 6911278, at *8 ("[W]e conclude that a tippee's knowledge of the insider's breach necessarily requires <u>knowledge</u> that the insider disclosed confidential information in exchange for personal benefit." (emphasis added)).  Although the government alleges that purported sub-tippee Mr. David Parker "knew that defendant DECINCES and defendant MAZZO were friends," it fatally does not allege (nor could it) that Mr. Parker was aware of any "personal" benefit (of which there was none) that Mr. Mazzo received.  (SSI ¶¶ 29-31.)  The allegations are even weaker as to Mr. F. Scott Jackson, as they allege that Mr. Jackson merely "was aware that defendant DECINCES knew defendant MAZZO." (SSI ¶¶ 32-44.)

Presumably for this reason, and relying on the law as stated by the Second Circuit in <u>Newman</u>, the government dismissed the Rule 10b-5 charges against Mr. Parker and Mr. Jackson.[13]  This is an implicit concession that the government did not -- and cannot -- allege that Mr. Parker and Mr. Jackson had any knowledge of the purported "personal benefit" that Mr. Mazzo received.

---

(cont'd from previous page)
determine whether the elements of the criminal charge can be shown sufficiently for a submissible case [to the jury]"); <u>United States v. Risk</u>, 843 F.2d 1059, 1061 (7th Cir. 1988) ("The district court found no violation and correctly dismissed the indictment, not because the government could not prove its case, but ***because there was no case to prove.***" (emphasis added)).

[13] Government's Unopposed Motion to Dismiss Counts 27, 28, and 29 Against Defendant David Parker and Counts 30, 31, and 32 Against Defendant F. Scott Jackson, of the Second Superseding Indictment (Dec. 15, 2014) [ECF No. 229]; <u>see also</u> Order Dismissing Counts 27, 28, and 29 Against Defendant David Parker, and Counts 30, 31, and 32 Against Defendant F. Scott Jackson, of the Second Superseding Indictment (Dec. 18, 2014) [ECF No. 235].

Newman also requires dismissal of the Rule 14e-3 and Section 1348 charges against Mr. Parker and Mr. Jackson as well. As stated above, the "personal benefit" requirement is the chief and strongest way to prove scienter, which is a requirement of all the criminal insider trading statutes. See Obus, 693 F.3d at 286; Donald C. Langevoort, Insider Trading: Regulation, Enforcement, and Prevention § 4.04[1] (1992 ed.) ("The requirement that the tipper act with scienter . . . is effectively subsumed in proof that the insider's motive was personal benefit."). Here, it is the *sole* way the government has alleged scienter in the SSI. (See SSI passim.) Because the government has implicitly conceded that Mr. Parker and Mr. Jackson had no knowledge that Mr. Mazzo received a personal benefit (which he did not), the government has failed to allege that Mr. Parker and Mr. Jackson knew that the information they allegedly received from Mr. DeCinces was criminally obtained (i.e., part of a scheme to defraud).

As a result, the government has failed to allege that Mr. Parker and Mr. Jackson had a mental state embracing intent to deceive, manipulate, or defraud. That requires the dismissal of the remaining charges against them. See Newman, 2014 WL 6911278, at *5 ("Because the *tipper*'s breach of fiduciary duty requires that he 'personally will benefit, directly or indirectly, from his disclosure,' [sub-tippees] may *not* be held liable in the absence of such benefit." (emphasis added).).[14]

### 4. Conclusion

Based on the reasoning of the Second Circuit in United States v. Newman, this Court should dismiss all of the charges against Mr. Mazzo in the SSI.

---

[14] At most, all the government has alleged is that there was "asymmetric information" in the marketplace as to Mr. Parker and Mr. Jackson. And, as the Newman court noted, this is not enough to prove illegal insider trading. Newman, 2014 WL 6911278, at *7 ("[T]he Supreme Court affirmatively established that insider liability is based on breaches of fiduciary duty, not on information asymmetries.").

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Richard Marmaro
Eric S. Waxman
Douglas A. Smith

By:    /s/ Richard Marmaro
       RICHARD MARMARO
       Attorneys for Defendant
       JAMES V. MAZZO

DATED:   December 19, 2014

MEMO. OF POINTS AND AUTHORITIES ISO DEFENDANT JAMES V. MAZZO'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*
No. 8:12-CR-00269(B)-AG