UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | SACR 12-0269-AG | Date | January 23, 2015 |
|---|---|---|---|

| Present: The Honorable | Andrew J. Guilford, U.S. District Judge |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Ivy Wang, Greg Staples, Lawrence Kole (n/p) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. Douglas V. Decinces | NOT | | X | 1. Kenneth Julian, Garrett Mott | NOT | | X |
| 2. David Parker | NOT | | X | 2. George Brunt | NOT | | X |
| 4. James V. Mazzo | NOT | | X | 4. Richard Marmaro | NOT | | X |

| Proceedings: | **[IN CHAMBERS] ORDER DENYING MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT AS TIME BARRED; DENYING MOTION FOR RECONSIDERATION DUE TO DECISION IN *UNITED STATES V. NEWMAN*; DENYING MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN*; DENYING MOTION TO DISMISS COUNTS 39, 1-13, 14-26** |
|---|---|

This prosecution concerns alleged violations of federal securities law.

Four motions are before the Court.

Defendant James V. Mazzo ("Mazzo") filed a Motion to Dismiss the Second Superseding Indictment ("SSI") as Time Barred. (Motion to Dismiss SSI as Time Barred, Dkt. No. 206.) Defendant Doug DeCinces ("DeCinces") filed a Joinder in Motion. (Dkt. No. 215.) Defendant F. Scott Jackson ("Jackson") also filed a Joinder in Motion. (Dkt. No. 225.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

DeCinces filed a Motion for Reconsideration Due to Decision in *United States v. Newman*. (Dkt. No. 236.)

Mazzo filed a Motion to Dismiss the SSI for Failure to Allege Any Crimes Based on *United States v. Newman*. (Motion to Dismiss SSI for Failure to Allege Any Crimes, Dkt. No. 239.) Defendant David Parker filed a Joinder in Motion. (Dkt. No. 250.) Jackson filed a Joinder in Motion. (Dkt. No. 243.) DeCinces also filed a Joinder in Motion. (Dkt. No. 244.)

Mazzo filed a Motion to Dismiss the Charges Under 18 U.S.C. § 1348 (Count 39), Rule 10b-5 (Counts 1-13), and Rule 14e-3 (Counts 14-26). (Dkt. No 241.) Jackson filed a Joinder in Motion. (Dkt. No. 242.) DeCinces filed a Joinder in Motion. (Dkt. No. 245.)

The Court had a hearing on the four motions on January 12, 2015.

Mazzo's Motion to Dismiss SSI as Time Barred is DENIED.

DeCinces's Motion for Reconsideration is GRANTED, but the motion the Court reconsidered is UPHELD.

Mazzo's Motion to Dismiss the SSI for Failure to Allege Any Crimes Based on *United States v. Newman* is DENIED.

Mazzo's Motion to Dismiss Charges Under 18 U.S.C. § 1348 is DENIED.

## BACKGROUND

The parties are familiar with the facts.

## MOTION TO DISMISS THE SSI AS TIME BARRED

Mazzo contends that the Government's counts against him are time barred under the five-year statute of limitations at 18 U.S.C. § 3282. (Motion to Dismiss SSI as Time Barred, Dkt. No. 206.) He argues that the six-year statute of limitations under 18 U.S.C. § 3301 is inapplicable. (*Id.*) The Government argues that the six-year statute of limitations in § 3301 applies. (Opp'n to Time Barred Motion, Dkt. No. 237, at 1.)

The Motion is DENIED.

## DECINCES'S MOTION FOR RECONSIDERATION

On December 10, 2014, the Second Circuit issued in *United States v. Newman*, 2014 WL 6911278 (2d. Cir. Dec. 10, 2014), an opinion concerning prosecution of securities crimes that analyzes an issue previously considered by this Court on a Motion to Dismiss filed by DeCinces. (Motion to Dismiss Counts 1-13 and 27-32 of SSI, Dkt. No. 147; Order, Dkt. No. 189.) DeCinces now seeks reconsideration of the Court's previous Order (Dkt. No. 189) on DeCinces's Motion to Dismiss (Dkt. No. 147.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

The Court GRANTS the Motion for Reconsideration, but UPHOLDS its earlier Order.

**MAZZO'S MOTION TO DISMISS THE SSI FOR FAILURE TO ALLEGE ANY CRIMES BASED ON *UNITED STATES V. NEWMAN***

Mazzo moves the Court to dismiss the SSI under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure in light of the *Newman* decision.

The Motion is DENIED.

**MAZZO'S MOTION TO DISMISS CHARGES UNDER 18 U.S.C. § 1348**

Mazzo argues, among other things, that Count 39, alleging a violation of 18 U.S.C. § 1348, (1) does not charge him with a crime because it does not allege an execution of a scheme to defraud, (2) violates his constitutional rights by charging two crimes in a single count; and (3) violates his rights by charging a single offense in more than one count when considering Counts 1-13. (Dkt. No. 241.)

The Motion is DENIED.

**DISPOSITION**

Mazzo's Motion to Dismiss SSI as Time Barred is DENIED.

DeCinces's Motion for Reconsideration is GRANTED, but the motion the Court reconsidered is AFFIRMED.

Mazzo's Motion to Dismiss the SSI for Failure to Allege Any Crimes Based on *United States v. Newman* is DENIED.

Mazzo's Motion to Dismiss Charges Under 18 U.S.C. § 1348 is DENIED.