Name: Stephen A. Cazares
Address: 312 North Spring Street
City, State, Zip: Los Angeles, California 90012
Phone: (213) 894-0707
Fax: (213) 894-6269
E-Mail: Steve.Cazares@usdoj.gov

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☐ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

PLAINTIFF(S),

v.

JAMES V. MAZZO, et al.,

DEFENDANT(S).

CASE NUMBER:

SA CR 12-269(B)-AG

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _the United States of America_ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☒ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _January 31, 2015_. Entered on the docket in this action on _N/A_.

A copy of said judgment or order is attached hereto.

February 1, 2015                    /s/ Stephen A. Cazares
Date                                Signature
                                    ☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

## CERTIFICATION OF UNITED STATES ATTORNEY

I hereby certify that this appeal is not taken for purpose of delay and that the evidence suppressed or excluded is a substantial proof of a fact material in the proceeding.

DATED: February 1, 2015

_____
STEPHANIE YONEKURA
Acting United States Attorney

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 12-0269-AG | Date | January 31, 2015 |
|---|---|---|---|

| Present: The Honorable | Andrew J. Guilford, U.S. District Judge |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Ivy Wang, Greg Staples, Lawrence Kole (n/p) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. Douglas V. Decinces | NOT | | X | 1. Kenneth Julian, Garrett Mott | NOT | | X |
| 2. David Parker | NOT | | X | 2. George Brunt | NOT | | X |
| 3. F. Scott Jackson | NOT | | X | 3. Craig Wilke | NOT | | X |
| 4. James V. Mazzo | NOT | | X | 4. Richard Marmaro | NOT | | X |

**Proceedings:**   [IN CHAMBERS] ORDER RE TRIAL PROCEDURE AND MOTIONS

This Order concerns matters discussed during the hearing held on January 29, 2015, including motions in limine, and provides additional guidance on trial procedure.

**TRIAL TIMING**

Trial times generally are 9:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m., Tuesday through Thursday, and 8:00 a.m. to 1:30 p.m. on Friday, with the chance of going longer on some days when necessary.

**DEPOSITION TESTIMONY**

The parties stated that there is a possibility that deposition testimony from other proceedings may be used during trial. Any deposition testimony that must be reviewed by the Court for objections, counter-designations, etc., shall be submitted as early as possible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

## JURY SELECTION PROCEDURE

The Court will use the Six Pack Method of jury selection, and will provide additional instruction on this in a separate Order.

## VOIR DIRE

The Court will question jurors concerning standard topics. Any special questions or topics requested to be put to prospective jurors by the Court on voir dire shall be filed and served timely if not already done so.

## JURY INSTRUCTIONS AND SPECIAL VERDICT

The Court will *pre-instruct with the standard preliminary instructions*. By Friday, February 6, 2015, counsel shall file and serve the following if they have not already done so:

- A joint set of jury instructions on which there is agreement. The Government has the burden of preparing the joint set of jury instructions.

- Each party's proposed jury instructions that are objected to by any other party, accompanied by points and authorities supporting those instructions.

- Each party's points and authorities supporting their objections to another party's proposed jury instructions.

If any special forms of verdict are requested, they shall be filed and served with the jury instructions.

## EXHIBITS

Unless an electronic alternative is approved by the Court, counsel shall prepare an original set and a copy set of trial exhibits in 3-ring binders, each tabbed down the right side with the exhibit number, prefaced by an index of each exhibit.

## WITNESS AND EXHIBIT LISTS

The Government shall disclose to all defendants its witness and exhibit lists on or before the first day of trial.

## ITEMS TO BE SUBMITTED AT TRIAL

On the first day of trial the Government shall submit the following to the Courtroom Deputy Clerk.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

- The original exhibit binder set with the Court's exhibit tags attached and filled out showing the case number, case name, and exhibit number. (Exhibit tags must be attached so as not to cover exhibit text.)

- The copy exhibit binder set for use by the Judge.

- Three copies of exhibit lists, showing which exhibits may be received into evidence without objection.

- Three copies of witness lists with estimates of the total time on the stand for each witness.

**INDICTMENT**

A suitable summary of the Indictment will be read to the jury.

**OPENING STATEMENTS**

Counsel for all parties are ORDERED to submit to each other by *7:00 p.m.* on February 2, 2015 anything to be displayed during opening statement. Counsel are ORDERED to meet and confer concerning such items. The Court expects counsel to come to an agreement regarding what items may be used. If the parties are unable to do so, the Court will make necessary decisions on the first day of trial.

**WITNESSES**

If counsel runs out of witnesses, the Court may deem that counsel's party has rested. Trial counsel must keep opposing counsel informed about upcoming witnesses, always informing opposing counsel of the witnesses for the next court day *by 5:00 p.m.* of the previous court day. Generally, only one attorney per party shall examine and defend a witness.

**ADMISSION OF EXHIBITS**

When counsel thinks an exhibit is admissible and should be admitted, counsel should move its admission.

**OBJECTIONS**

Objections should be brief, stating only, "Objection" following by the specific legal ground such as "hearsay" or "403."

**DECORUM**

Trials will be conducted in a dignified manner, following the traditional rules of trial decorum. Show respect for the trial process by being on time. Do not address witnesses over age 14 by their first names.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Most examination and argument should be done at the lectern. The Court recognizes that at times in this courtroom it is necessary to enter the well.

## 1. REQUESTS FOR JUDICIAL NOTICE

### 1.1 Defendant Doug DeCinces's Request for Judicial Notice (Dkt. No. 261.)

#### 1.1.1 DeCinces's Request Concerning Newspapers

The Court DENIES the request concerning newspapers. The parties seem to seek judicial notice basically as a means to authenticate documents. Under Rule 902(6) of the Federal Rules of Evidence, "printed material purporting to be a newspaper or periodical" are self-authenticating and require no extrinsic evidence of authenticity in order to be admitted. Defendants can move for admission of these documents at trial and need not authenticate them because of Rule 902(6). Of course, there may be other objections to the documents and a party can raise those objections at trial.

#### 1.1.2 DeCinces's Request Concerning SEC Filings

The Court DENIES the request concerning SEC filings. In the Government's Opposition to DeCinces's Request for Judicial Notice it states "the government ha[s] already submitted a proposed stipulation to the defendants for the admission of public filings with the SEC prior to defendant's request for judicial notice . . . ." (Opp'n, Dkt. No. 264, at 7.) The Court finds that judicial notice of these documents is unnecessary because the Defendants have in their possession a stipulation concerning the documents.

#### 1.1.3 DeCinces's Request Concerning Analyst Reports

The Court GRANTS the request concerning analyst report as follows. The Court takes judicial notice of the *fact that relevant information contained in the reports was released into the market on the dates that the reports were published*. The "market" in this instance is the public that would have access to each specific report. The Court is aware of potential objections to the information in the reports and that there may be improper uses of the information. The parties are invited to submit proposed limiting instructions that may be read to the jury concerning this grant of judicial notice.

### 1.2 Defendant James Mazzo's Request for Judicial Notice (Dkt. No. 277.)

#### 1.2.1 Mazzo's Request Concerning Newspapers

The Court DENIES the request concerning newspapers for reasoning similar to that in Section 1.1.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

### 1.2.2 Mazzo's Request Concerning Analyst Reports

The Court GRANTS the request concerning analyst report as follows. The Court takes judicial notice of the *fact that relevant information contained in the reports was released into the market on the dates that the reports were published.* The "market" in this instance is the public that would have access to each specific report. The judicial notice of analyst reports is limited to reports Mazzo has designated that were not already noticed under DeCinces's request in Section. 1.1.3. The Court is aware of potential objections to the information in the reports and that there may be improper uses of the information. The parties are invited to submit proposed limiting instructions that may be read to the jury concerning this grant of judicial notice.

## 2. MOTIONS IN LIMINE

### 2.1 The Government's MIL (Dkt. No. 269.)

"Motion in Limine to Preclude Analyst Reports and Newspaper Articles in the Absence of Testimony by a Defendant Who Testifies that He Relied Upon Such Information in Making His Decision to Trade Securities." (Dkt. No. 269.)

The Court DENIES the motion without prejudice to making objections at trial.

### 2.2 Mazzo's MILs

#### 2.2.1 Mazzo's MIL 1 (Dkt. No. 274.)

"Motion in Limine No. 1 to Exclude Improper Testimony Pursuant to Fed. R. Evid. 403 and 401."

The Court DENIES the motion without prejudice to making objections at trial. But as stated during the January 29, 2015 hearing, the Government cannot show photos of Mazzo's home without first asking the Court outside of the presence of the jury, and the Government should exercise caution in inquiring about sensitive areas.

#### 2.2.2 Mazzo's MIL 2 (Dkt. No. 286.)

"Motion in Limine No. 2 to Exclude Speculative Testimony and Improper Lay Opinion."

The Court DENIES the motion without prejudice to making objections at trial.

#### 2.2.3 Mazzo's MIL 3 (Dkt. No. 275.)

"Motion in Limine No. 3 to Exclude Propensity Evidence."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

The Court GRANTS the motion without prejudice to asking the Court outside the presence of the jury to consider permitting the introduction of the evidence.

**2.2.4 Mazzo's MIL 4** (Dkt. No. 276.)

"Motion in Limine No. 4 to Preclude the 'Expert' Testimony of Adam L. Warren."

The Court DENIES the motion without prejudice to making objections at trial.

## 2.3 DeCinces's MILs

**2.3.1 DeCinces's MIL 1** (Dkt. No. 272.)

"Motion in Limine No. 1 to Preclude Speculative and Improper Hindsight Lay Opinion Testimony."

The Court DENIES the motion without prejudice to making objections at trial.

**2.3.2 DeCinces's MIL 2** (Dkt. No. 272.)

"Motion in Limine No. 2 to Preclude Irrelevant and Prejudicial Statements Pursuant to FRE 401 and 403."

The Court DENIES the motion without prejudice to making objections at trial. Defendant DeCinces asserted in his papers that he had concern about statements during opening statement "pertaining to the government's view of the 'purposes' or 'policy' behind the prohibition against insider trading." (Dkt. No. 272, at 15.) The Court reminds the Government that argument is inappropriate during opening statement and it should carefully consider what to include in its opening.

**2.3.3 DeCinces's MIL 3** (Dkt. No. 272.)

"Motion in Limine No. 3 to Preclude 'Other Act' Evidence Pursuant to FRE 404 (b) and 403."

The Court GRANTS the motion without prejudice to asking the Court outside the presence of the jury to consider permitting the introduction of the evidence.

**2.3.4 DeCinces's MIL 4** (Dkt. No. 272.)

"Motion in Limine No. 4 to Require the Government to Provide Any Out-of-Court Statements of David Parker Concerning Mr. DeCinces for *Bruton* Analysis."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court has been informed that the parties have resolved this matter so the motion is MOOT.

**2.4 Defense Joint MIL** (Dkt. No. 266.)

"(Joint) Defense Motion in Limine 1 to Exclude Evidence of Mr. Parkers Business Practices in 'Yodigity Ventures LLC' as Unfairly Prejudicial."

The Court has been informed that the parties have resolved this matter so the motion is MOOT.

**3. OTHER MOTIONS**

**3.1 Motion for Additional Peremptory Challenges** (Dkt. No. 313.)

The Court DENIES the motion. Defendants and their counsel may confer among themselves before asserting any peremptory challenge. If necessary, the Court will allocate peremptory challenges among Defendants.

**3.2 Request for Jury Questionnaire** (Dkt. No. 281.)

The Court DENIES the motion.

**3.3 Motion for Disclosure of Witness/Exhibit Lists and Advance Notice of Witnesses** (Dkt. No. 319.)

The Court GRANTS in part and DENIES in part the motion. The Government is ORDERED to provide evidence for inspection to the extent is has an obligation. The Government is ORDERED to provide its witness list as described in this Order. The Government is ORDERED to inform Defendants of the witnesses for the next court day *by 5:00 p.m.* of the previous court day.

While not the subject of this motion, the Court reminds Defendants that they have related obligations under other Sections in this Order.

**3.4 Motion for Order Authorizing Disclosure of Tax Returns and Similar Information** (Dkt. No. 326.)

The Court DENIES the motion at this time.